# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CLIFTON SHELTON**  **PLAINTIFF**
**ADC #174629**

**V.**          **NO. 4:22-cv-00186-JM-ERE**

**ADAIR**                                                              **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections:

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation.  If you do, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.   Discussion:

On February 24, 2022, Plaintiff Clifton Shelton, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. §

1983. *Doc. 2*. Mr. Shelton is currently proceeding on his medical deliberate indifference claim against Defendant Adair.[1]

On April 8, 2022, the Court originally ordered service of Defendant Adair through the ADC Compliance Division. *Doc. 12*.

On April 25, 2022, the summons issued to Defendant Adair was returned to the Court unexecuted with the notation "ADC could not accept process for medical staff." *Doc. 17*. At that time, the Court reminded Mr. Shelton that: (1) it was his responsibility to provide sufficient information for identifying and properly serving Defendant Adair; and (2) Defendant Adair should have been served within 90 days of the date Mr. Shelton filed his complaint in this case. FED. R. CIV. P. 4(m). *Doc. 18*. The Court set a deadline of July 7, 2022 for Mr. Shelton to provide a first name or first name initial for Defendant Adair so that service could be reattempted. *Id*.

On June 16, 2022, the Court ordered ADC officials to provide Mr. Shelton with copies of his medical records for the date of April 22, 2021, to assist him in identifying Defendant Adair. *Doc. 20*.

On July 6, 2022, Mr. Shelton provided the Court with Defendant Adair's first name – Terrie. *Doc. 27*. Since that date, the Court has attempted to locate and serve Defendant Adair through counsel for WellPath. However, counsel for WellPath has

---

[1] The Court previously dismissed Mr. Shelton's claims against Defendants April Gibson, Connie Cook, and Rory Griffin. *Doc. 13*.

been unable to locate Defendant Adair and has notified the Court that Defendant Adair was never a WellPath employee.

On October 11, 2022, the Court reminded Mr. Shelton of his responsibility to provide the Court with an address where Defendant Adair could be served with process. *Doc. 30.* The Court gave Mr. Shelton until November 11, 2022, to provide the Court with a valid service address for Defendant Adair or risk dismissal of Defendant Adair from the lawsuit. *Id.*; see also *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (explaining that it is the prisoner's responsibility to provide a proper service address for each defendant).

To date, Mr. Shelton has not provided the Court with an address where service on Defendant Adair can even be attempted. The time for him to do so has passed.

### III.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.  Mr. Shelton's claims against Defendant Adair be DISMISSED, without prejudice, based on his failure to serve this Defendant.

2.  The Clerk be instructed to terminate Nurse Adair as a party Defendant.

3.  Since Defendant Adair is the only remaining Defendant, the Clerk be instructed to close this case.

DATED this 17th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE